IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ARTHUR AYO-AGHIMIEN II,

     Plaintiff,                          Case No.: _____

vs.

MERRICK B. GARLAND, Attorney General
of the United States, and
ALEJANDRO N. MAYORKAS, Secretary of
Homeland Security, United States Department
Of Homeland Security,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ARTHUR AYO-AGHIMIEN II, sues the Defendants MERRICK GARLAND, Attorney General of the United States and ALEJANDRO MAYORKAS, Secretary of Homeland Security, United States Department Of Homeland Security, each in his official capacity, and alleges:

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq., and under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791 et seq.

2. At all material times Plaintiff was and is an employee of the Department of Homeland Security,  In and around August and September, 2016, Plaintiff was an applicant for a position with the U.S. Department of Justice.

3.      At 42 U.S.C. §2000e-16(a) Title VII requires that all personnel actions affecting employees or applicants for employment in executive agencies as defined in section 105 of Title 5, United States Code shall be made free from any discrimination based on race, color, religion, sex, or national origin.

4.      The Rehabilitation Act requires federal agencies to take affirmative action in the hiring, placement, and advancement in federal employment of individuals with disabilities, prohibits discrimination against a federal employee because of a disability, and requires agencies to provide reasonable accommodation to individuals with disabilities who are otherwise qualified for their positions.

5.      Under 29 U.S.C. §794a the remedies, procedures and rights of federal employees set forth in §717 of the U.S. Civil Rights Act of 1964, 42 U.S.C. §2000e-16, and the provisions of 42 U.S.C. §§2000e-5(f) through 2000(e)-5(k), shall be available to employees aggrieved by the disposition of any complaint under the Rehabilitation Act.

6.      The standards used to determine violations of the Rehabilitation Act are those set forth in Title I of the American with Disabilities Act, 42 U.S.C. §12111 et seq, and §§12201-12204, and 12210 ("the ADA").

7.      Plaintiff brings this action under the above provisions and under 42 U.S.C. §1981a which permits the recovery of compensatory damages for discrimination under 42 U.S.C. §2000e-16 and 29 U.S.C. §791, in addition to any other relief authorized by these statutes.

## THE PARTIES

9.      Defendant MERRICK B. GARLAND is the Attorney General of the United States, having been appointed on March 11, 2021.  Defendant GARLAND leads

2

the United States Department of Justice ("DOJ"), an executive agency of the United States as defined in 5 U.S.C. §105 which is subject to the provisions of Title VII and the Rehabilitation Act.

10.    Defendant ALEJANDRO N. MAYORKAS is the Secretary of Homeland Security, United States Department of Homeland Security ("DHS") having been appointed on February 2, 2021.  DHS is an executive agency of the United States as defined in 5 U.S.C. §105 which is subject to the provisions of Title VII and the Rehabilitation Act.

11.    Plaintiff ARTHUR AYO-AGHIMIEN II resides in this judicial district in Miami, Florida.  Plaintiff was born in Nigeria, West Africa in 1970.  His race is non-Caucasian and African; his skin color is black; his religion is Christian; his gender is male.

12.    At all material times the Plaintiff was and is an "individual with a disability" within the meaning of 29 U.S.C. §705(20)(B) of the Rehabilitation Act, as amended, and as defined in the Americans with Disabilities Act of 1990 at 42 U.S.C. §12102, in that Plaintiff suffered from post-traumatic stress disorder ("PTSD") resulting from his service with the U.S. Armed Forces.  Plaintiff has a record of such an impairment and was regarded by certain officials within DHS as having such an impairment.

13.    Plaintiff is and, at all material times, was a "qualified individual" within the meaning of the Rehabilitation Act and the ADA, 42 U.S.C. §12111(8), in that with or without reasonable accommodation he can, and at all times could, perform the

Law Offices of Donald R. McCoy • 111 SE 12th Street, Fort Lauderdale, FL 33316 • (954) 618-6575

essential functions of the positions he held with DHS and the position he sought with DOJ.

14.     Plaintiff met, and at present meets or exceeds, all of the stated qualifications needed to serve as an Immigration Judge with DOJ.

## JURISDICTION AND VENUE

15.     The Court has jurisdiction of this action under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331. Venue lies in the Southern District of Florida pursuant to 28 U.S.C. §1391(e) in that both Defendants are officers of the United States, the Plaintiff resides in this district and no real property is involved in the action.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     When the discrimination and retaliation alleged herein occurred Plaintiff followed the procedures set forth in 42 U.S.C. §2000e-16 and regulations promulgated under that subsection and the Rehabilitation Act by the U.S. Equal Employment Opportunity Commission ("EEOC") at 29 Code of Federal Regulations, Part 1614.

14.     On November 21, 2017, Plaintiff initiated contact with a DHS Equal Employment Opportunity counselor who attempted informal resolution of Plaintiff's complaints against the Agency and its officials.  On February 21, 2018, Plaintiff was notified of the conclusion of EEO counseling and of his right to file a formal complaint. He timely filed a formal complaint of discrimination and retaliation with the DHS Office of Civil Rights and Civil Liberties on or about March 5, 2018.

4

15.     The Agency conducted a perfunctory investigation upon the completion of which Plaintiff made a timely written request for a Final Agency Decision("FAD") on May 1, 2019.

16.     The Agency did not issue a decision until June 6, 2022, some three (3) years after Plaintiff's request, at which time the Office of Civil Rights and Civil Liberties concluded that the Agency had not discriminated against the Plaintiff and issued the Agency's FAD to that effect.

17.     Plaintiff filed a timely appeal of the Agency's determination with the EEOC on or about July 1, 2022.  On August 14, 2023, the EEOC's Office of Federal Operations issued a decision in which it affirmed the Agency's FAD and informed the Plaintiff of his right to file a civil action in an appropriate United States District Court.

18.     On May 2, 2017, the Plaintiff contacted the EEO office at DOJ regarding the Agency's withdrawal of Plaintiff's temporary appointment as an Immigration Judge. On July 1, 2017, he filed a formal complaint alleging that DOJ's withdrawal of his appointment was not made free from any discrimination based on race, color, religion, sex, or national origin and discriminated against the Plaintiff because of his disability.

19.     DOJ conducted an investigation of his complaint which was completed in or about November, 2017.  More than 120 days have elapsed since the filing of Plaintiff's complaint with the Agency and there is no judicially reviewable action, no appeal under 5 U.S.C. §7702 and no FAD has been issued by DOJ.

20.     Plaintiff has exhausted his administrative remedies under 29 C.F.R., Part 1614.  All conditions precedent to this action have been met or waived.

Law Offices of Donald R. McCoy • 111 SE 12th Street, Fort Lauderdale, FL 33316 • (954) 618-6575

## FACTS COMMON TO ALL COUNTS

21.    Plaintiff ARTHUR AYO-AGHIMIEN II, is a licensed attorney and a U.S. military veteran.  He served from April, 2001, to September 20, 2016, with the United States Air Force Judge Advocate General Corps ("JAG").  Plaintiff sustained both physical and mental injuries in the line of duty during his military service.

22.    Because of his injuries the U.S. Air Force placed the Plaintiff in a temporary disability retirement status until in or about November, 2016, when he was honorably discharged.

23.    On or about November 20, 2007, while he was serving as a reservist in the U.S. Air Force, Plaintiff commenced employment with Immigration & Customs Enforcement ("ICE"), an agency of the U.S. Department of Homeland Security.

24.    Plaintiff was employed as an attorney in ICE's Los Angeles, California Office of Field Counsel.  On or about May 10, 2008, he deployed to Iraq for additional service with the U.S. Armed Forces and the U.S. State Department.  Upon his return from that deployment in May, 2009, Plaintiff was transferred to ICE's Office of Field Counsel in Las Vegas, Nevada.

25.    Plaintiff's immediate supervisor in the Las Vegas, Nevada office, was Deputy Field Counsel Ms. Mary-Jean Lambert.  Ms. Lambert conveyed to Plaintiff negative comments from other ICE officials regarding his May, 2008 deployment.

26.    In November, 2009, Plaintiff was again ordered to deploy to theaters of operation outside the United States where he supported U.S. military combat missions

6

and operations.  During this deployment Plaintiff suffered injuries, both physical and mental, which required an extensive period of treatment and rehabilitation.

27.    Upon Plaintiff's return to duty with ICE on or about September 10, 2012, Ms. Lambert again made derogatory comments regarding his absence for military service. Ms. Lambert called him to her office on or about September 11, 2012, and told the Plaintiff that because of his deployment he had "left the office with more workload" which had "pissed off her attorneys" or words to that effect.  She added that she did not care to hire "military types" and that the Deputy Chief Counsel in the Los Angeles office had apologized for "dumping" the Plaintiff on her.

28.    Following this tirade Ms. Lambert denied the Plaintiff use of the office space he occupied before his deployment.  She required him to work in the office "library" - a room which was also used to store office equipment and Ms. Lambert's personal effects.  Other attorneys had their own offices.  There were unoccupied offices available which the Plaintiff was not allowed to use.

29.    When he asked if he could use one of these unoccupied offices Ms. Lambert accused the Plaintiff of "trying to start trouble." She told the Plaintiff they were "reserved" for other purposes.  In fact, some of the unoccupied office space was used to store items of Ms. Lambert's personal property to include exercise equipment, a sewing machine, kitchen utensils and the like.

30.    Ms. Lambert made derogatory remarks in the Plaintiff's presence regarding persons of Plaintiff's race (black).  Although Plaintiff's religion is Christian Ms. Lambert made derogatory comments about Muslims in his presence which she

7

directed at the Plaintiff.  She made it clear to the Plaintiff that she thought, because of his national origin, race, color and accent, that Plaintiff was a follower of Islam. Among other such remarks she asked the Plaintiff ""Can you tell your people to stop blowing up my country?"  In 2014 and again in 2015, Ms. Lambert made negative comments about the Plaintiff and falsely criticized the Plaintiff in his annual performance appraisals.

31.    On November 5, 2015, Plaintiff sent an email complaint to the Office of Chief Counsel in Los Angeles in which he accused Ms. Lambert of subjecting him to a hostile work environment.  Because of Ms. Lambert's discrimination and retaliation against him, Plaintiff sought other employment.

32.    On January 11, 2016, Plaintiff commenced employment with another DHS agency, the Transportation Security Administration where he works as an attorney at present.  On or about August 30, 2016, he received an offer of employment as an Immigration Judge with the Executive Office of Immigration Review ("EOIR"), an agency of the U.S. Department of Justice.

33.    When Ms. Lambert learned that Plaintiff was to be appointed as an Immigration Judge she provided false and derogatory information concerning the Plaintiff to certain officials at the EOIR.  She intended these comments regarding the Plaintiff to prevent the Plaintiff from becoming an Immigration Judge.

34.    Plaintiff is informed and believes, and therefore alleges that in her comments to officials at the EOIR Ms. Lambert questioned, among other things, the Plaintiff's loyalty to the United States based on his ethnicity and national origin, and

8

her assumption he was Muslim.   She wrongfully disclosed Plaintiff's medical information and his physical and mental disabilities which Ms. Lambert knew had resulted from his military deployments.   She commented negatively regarding Plaintiff's travel outside the United States, implying that he was involved in activities which were disloyal or illegal.

35.   As a direct and proximate result of Ms. Lambert's interference and false, derogatory comments about the Plaintiff, the U.S. Department of Justice withdrew Plaintiff's appointment to serve as an Immigration Judge.   They did so without independently investigating the derogatory information she provided about the Plaintiff and without allowing the Plaintiff to respond.

36.   Ms. Lambert's interference and derogatory comments to DOJ officials constituted intentional, unlawful discrimination based upon the Plaintiff's race, color and ethnicity, his national origin, religion, gender, and known physical and mental disabilities.

37.   Among other discriminatory actions, Ms. Lambert consistently afforded more favorable treatment to the Plaintiff's colleagues who were similarly situated and who were not black and not born in Africa. Certain of these similarly situated colleagues were of a different gender and/or did not suffer from physical or mental disabilities comparable to the Plaintiff's.

38.   Ms. Lambert's actions toward the Plaintiff also were taken as retaliation for protected activity including, without limitation, as reprisals for his complaints to Ms. Lambert's superiors regarding her conduct.

Law Offices of Donald R. McCoy • 111 SE 12th Street, Fort Lauderdale, FL 33316 • (954) 618-6575

39.     During his employment with ICE the Plaintiff suffered from a mental health condition diagnosed as Post Traumatic Stress Disorder ("PTSD").    This condition resulted from physical and mental injuries sustained during the Plaintiff's military deployments.

40.     At the time, this impairment affected one or more of Plaintiff's major life activities and major bodily functions including the functioning of Plaintiff's neurological system.   Plaintiff has a record of such an impairment and was regarded by certain officials within DHS as having such an impairment.   He provided certain treatment records to Ms. Lambert.   After lengthy in-patient treatments Plaintiff's PTSD is nearly 100% resolved at the present time.

41.     Plaintiff performed the essential functions of his positions with DHS without difficulty and in an exemplary manner despite his impairment.   Plaintiff is and was, at all material times, fully qualified for the positions he held with DHS and the position he sought at DOJ.  With or without accommodation he is fully capable of performing the essential functions of these positions.   He was in fact accepted and given a temporary appointment as an Immigration Judge before Ms. Lambert provided false and derogatory information to DOJ.

### COUNT I - Discrimination Based on Race
### [Title VII, U.S. Civil Rights Act, 42 U.S.C. §2000e et seq.]

42.     Plaintiff restates the allegations of paragraphs 1 through 41, above, as if they were fully set forth in this Count I.

43.     Plaintiff 's race is African, non-Caucasian and black.

10

44.     Plaintiff is, and was, fully qualified for the positions he held with DHS.  He performed the responsibilities of these positions in an exemplary manner.  Plaintiff is, and was, fully qualified for the position he sought at DOJ and was duly appointed to serve as an Immigration Judge.

45.     During the periods and in the manner set forth above the Defendants, by and through the acts and omissions of Ms. Mary-Jean Lambert and other DHS and ICE officials, as well as the acts and omissions of certain DOJ officials, including those at EOIR, discriminated against the Plaintiff with respect to the terms, conditions, and privileges of his employment, and with respect to his appointment as an Immigration Judge, because of Plaintiff's race in violation of 42 U.S.C. §2000e-16(a).

43.     The acts and omissions alleged herein constituted unlawful intentional discrimination by the Defendants against the Plaintiff.

44.     As a direct and proximate result, the Plaintiff has suffered damages, including lost wages and other benefits as well as future pecuniary losses.  Plaintiff suffered other intangible damages including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to professional reputation and advancement, and other non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a.

45.     The Defendants, through the deliberate acts of certain DHS and DOJ officials, engaged in such discriminatory practices with malice and with reckless indifference to the federally protected rights of the Plaintiff.

46.     Plaintiff has retained the undersigned attorney to represent him in this action and has thereby incurred and will incur attorney's fees and costs.

11

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendants, jointly and severally, ordering them to reinstate the Plaintiff to his position as an Immigration Judge, with back pay and benefits and with prejudgment interest thereon; to award the Plaintiff additional compensatory damages, a reasonable attorney's fee (including expert fees) and the costs of this action.

## COUNT II - Discrimination Based on National Origin
### [Title VII, U.S. Civil Rights Act, 42 U.S.C. §2000e et seq.]

47.    Plaintiff restates the allegations of paragraphs 1 through 41, above, as if they were fully set forth in this Count II.

48.    Plaintiff was born outside the United States, in Nigeria, a country in West Africa.

49.    Plaintiff is, and was, fully qualified for the positions he held with DHS.  He performed the responsibilities of these positions in an exemplary manner.  Plaintiff is, and was, fully qualified for the position he sought at DOJ and was duly appointed to serve as an Immigration Judge.

50.    During the periods and in the manner set forth above the Defendants, by and through the acts and omissions of Ms. Mary-Jean Lambert and other DHS and ICE officials, as well as the acts and omissions of certain DOJ officials, including those at EOIR, discriminated against the Plaintiff with respect to the terms, conditions, and privileges of his employment, and with respect to his appointment as an Immigration Judge, because of Plaintiff's national origin in violation of 42 U.S.C. §2000e-16(a).

51.    The acts and omissions alleged herein constituted unlawful intentional discrimination by the Defendants against the Plaintiff.

12

52.    As a direct and proximate result, the Plaintiff has suffered damages, including lost wages and other benefits as well as future pecuniary losses.    Plaintiff suffered other intangible damages including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to professional reputation and advancement, and other non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a.

53.    The Defendants, through the deliberate acts of certain DHS and DOJ officials, engaged in such discriminatory practices with malice and with reckless indifference to the federally protected rights of the Plaintiff.

54.    Plaintiff has retained the undersigned attorney to represent him in this action and has thereby incurred and will incur attorney's fees and costs.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendants, jointly and severally, ordering them to reinstate the Plaintiff to his position as an Immigration Judge, with back pay and benefits and with prejudgment interest thereon; to award the Plaintiff additional compensatory damages, a reasonable attorney's fee (including expert fees) and the costs of this action.

## COUNT III - Discrimination Based on Plaintiff's Religion
## [Title VII, U.S. Civil Rights Act, 42 U.S.C. §2000e et seq.]

55.    Plaintiff restates the allegations of paragraphs 1 through 41, above, as if they were fully set forth in this Count III.

56.    Plaintiff 's true religion is Christian.    Ms. Lambert through derogatory words and hostile actions assumed Plaintiff was Muslim and a follower of Islam and the Islamic religion.

13

57.    Plaintiff is, and was, fully qualified for the positions he held with DHS.  He performed the responsibilities of these positions in an exemplary manner.  Plaintiff is, and was, fully qualified for the position he sought at DOJ and was duly appointed to serve as an Immigration Judge.

58.    During the periods and in the manner set forth above the Defendants, by and through the acts and omissions of Ms. Mary-Jean Lambert and other DHS and ICE officials, as well as the acts and omissions of certain DOJ officials, including those at EOIR, discriminated against the Plaintiff with respect to the terms, conditions, and privileges of his employment, and with respect to his appointment as an Immigration Judge, because of false concerns regarding Plaintiff's religion in violation of 42 U.S.C. §2000e-16(a).

59.    The acts and omissions alleged herein constituted unlawful intentional discrimination by the Defendants against the Plaintiff.

60.    As a direct and proximate result, the Plaintiff has suffered damages, including lost wages and other benefits as well as future pecuniary losses.  Plaintiff suffered other intangible damages including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to professional reputation and advancement, and other non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a.

61.    The Defendants, through the deliberate acts of certain DHS and DOJ officials, engaged in such discriminatory practices with malice and with reckless indifference to the federally protected rights of the Plaintiff.

Law Offices of Donald R. McCoy • 111 SE 12th Street, Fort Lauderdale, FL 33316 • (954) 618-6575

62.    Plaintiff has retained the undersigned attorney to represent him in this action and has thereby incurred and will incur attorney's fees and costs.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendants, jointly and severally, ordering them to reinstate the Plaintiff to his position as an Immigration Judge, with back pay and benefits and with prejudgment interest thereon; to award the Plaintiff additional compensatory damages, a reasonable attorney's fee (including expert fees) and the costs of this action.

## COUNT IV - Sex Discrimination Based on Plaintiff's Gender
### [Title VII, U.S. Civil Rights Act, 42 U.S.C. §2000e et seq.]

55.    Plaintiff restates the allegations of paragraphs 1 through 41, above, as if they were fully set forth in this Count IV.

56.    Plaintiff's gender is male and he at all times identifies as male.

57.    Plaintiff is, and was, fully qualified for the positions he held with DHS.  He performed the responsibilities of these positions in an exemplary manner.  Plaintiff is, and was, fully qualified for the position he sought at DOJ and was duly appointed to serve as an Immigration Judge.

58.    During the periods and in the manner set forth above the Defendants, by and through the acts and omissions of Ms. Mary-Jean Lambert and other DHS and ICE officials, as well as the acts and omissions of certain DOJ officials, including those at EOIR, discriminated against the Plaintiff with respect to the terms, conditions, and privileges of his employment, and with respect to his appointment as an Immigration Judge, because of Plaintiff's gender in violation of 42 U.S.C. §2000e-16(a).

Law Offices of Donald R. McCoy • 111 SE 12th Street, Fort Lauderdale, FL 33316 • (954) 618-6575

59.     The acts and omissions alleged herein constituted unlawful intentional discrimination by the Defendants against the Plaintiff.

60.     As a direct and proximate result, the Plaintiff has suffered damages, including lost wages and other benefits as well as future pecuniary losses.   Plaintiff suffered other intangible damages including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to professional reputation and advancement, and other non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a.

61.     The Defendants, through the deliberate acts of certain DHS and DOJ officials, engaged in such discriminatory practices with malice and with reckless indifference to the federally protected rights of the Plaintiff.

62.     Plaintiff has retained the undersigned attorney to represent him in this action and has thereby incurred and will incur attorney's fees and costs.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendants, jointly and severally, ordering them to reinstate the Plaintiff to his position as an Immigration Judge, with back pay and benefits and with prejudgment interest thereon; to award the Plaintiff additional compensatory damages, a reasonable attorney's fee (including expert fees) and the costs of this action.

## COUNT V - Unlawful Retaliation for Protected Activity
## [Title VII, U.S. Civil Rights Act, 42 U.S.C. §2000e -3]

63.    Plaintiff re-states the allegations of paragraphs 1 through 41 as if they were fully set forth in this Count V.

64.    Plaintiff opposed practices of the Defendants which were unlawful employment practices under Title VII in that, among other things, he reported the discriminatory actions of Ms. Mary-Jean Lambert toward the Plaintiff to Ms. Lambert's superiors and complained about her conduct toward him.

65.    Defendants, by the actions and omissions of certain officials as alleged herein discriminated and retaliated against the Plaintiff and interfered with his appointment as an Immigration Judge because he opposed such practices, in violation of 42 U.S.C. §2000e - 3.

66.    The acts and omissions alleged herein were and are unlawful intentional discrimination against the Plaintiff.  Defendants' officials engaged in such practices with malice and with reckless indifference to the federally protected rights of the Plaintiff.

67.    As a direct and proximate result, the Plaintiff has suffered damages, including lost wages and other benefits as well as future pecuniary losses.  Plaintiff suffered other intangible damages including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to professional reputation and advancement, and other non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a.

68.    Plaintiff has retained the undersigned attorney to represent her in this action, and has thereby incurred and will incur attorney's fees and costs.

Law Offices of Donald R. McCoy • 111 SE 12th Street, Fort Lauderdale, FL 33316 • (954) 618-6575

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendants, jointly and severally, to to order the DOJ to reinstate the Plaintiff as an Immigration Judge, with back pay and benefits, and with prejudgment interest; to award the Plaintiff additional compensatory damages, punitive damages, a reasonable attorney's fee (including expert fees) and the costs of this action.

### COUNT VI - Discrimination Based on Plaintiff's Disability
### [Rehabilitation Act, 29 U.S.C. §791, et seq.]

69.    Plaintiff restates the allegations of paragraphs 1 through 41, above, as if they were fully set out in this Count I.

70.    During the discriminatory actions alleged herein the Plaintiff was an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. §705(20)(B), and the Americans With Disabilities Act, 42 U.S.C. §12102, in that he had a physical and mental impairment - PTSD - that substantially limited one or more of his major life activities and affected one or more major bodily functions.

71.    His impairment was known to Ms. Lambert and others within DHS. Plaintiff had a record of such an impairment and was regarded as having such an impairment.

72.    Plaintiff is, and at all times material hereto, has been a qualified individual within the meaning of the Rehabilitation Act, 29 U.S.C. §791, et seq., and 42 U.S.C.S. § 12111(8) in that with or without reasonable accommodation, he can and could perform the essential functions of the positions he held with DHS and the position of Immigration Judge which he sought at DOJ.

18

73.     During the period and in the manner described above the Defendants, by and through the acts and omissions of certain agency officials, engaged in discriminatory practices and discriminated against the Plaintiff because of his disability.

74.     These officials treated persons who were similarly-situated to the Plaintiff but who were not disabled more favorably than they treated the Plaintiff.

75.     The acts and omissions of agency officials alleged herein violated the Rehabilitation Act and 42 U.S.C. §12112 and constitute unlawful intentional discrimination against the Plaintiff.

76.     As a direct and proximate result, the Plaintiff has suffered damages, including lost wages and other benefits as well as future pecuniary losses.   Plaintiff suffered other intangible damages including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to professional reputation and advancement, and other non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a.

77.     Plaintiff has retained the undersigned attorney to represent him in this action and has agreed to pay attorney's fees and costs incurred in litigating this action.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendants, to order the DOJ to reinstate the Plaintiff as an Immigration Judge, with back pay and benefits and to provide reasonable accommodation to the Plaintiff'; and awarding the Plaintiff additional compensatory damages, a reasonable attorney's fee and the costs of this action.

19

## COUNT VII - Hostile Work Environment
### [Title VII, U.S. Civil Rights Act, 42 U.S.C. §2000e-16(a)]

78.     Plaintiff re-states the allegations of paragraphs 1 through 41 as if they were fully set out in this Count VII.

79.     The actions and omissions of Mary-Jean Lambert alleged herein subjected the Plaintiff to unwelcome harassment and a hostile working environment.

80.     The harassment of the Plaintiff was based on the Plaintiff's race, religion, national origin, his disability and his opposition to unlawful employment practices.  The harassment was sufficiently severe or pervasive to alter the Plaintiff's terms and conditions of employment and to create a discriminatorily abusive working environment, in violation of 42 U.S.C. §§2000e - 2(a), 2000e-3 and 2000e-16(a).

81.     Ms. Lambert's conduct toward the Plaintiff was physically threatening and humiliating, and unreasonably interfered with the Plaintiff's work performance.

82.     Defendant MAYORKAS was responsible, either vicariously or directly, for the hostile environment which Ms. Lambert created with malice and with reckless indifference to the federally protected rights of the Plaintiff.

83.     As a direct and proximate result, the Plaintiff has suffered damages, both tangible and intangible including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a.

84.     Plaintiff has retained the undersigned attorney to represent her in this action, and has thereby incurred and will incur attorney's fees and costs.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendants, jointly and severally, enjoining such unlawful conduct and awarding the Plaintiff compensatory damages, a reasonable attorney's fee (including expert fees) and the costs of this action.

## **DEMAND FOR JURY TRIAL**

Plaintiff, by and through his undersigned counsel, requests a trial by jury as to all of the above Counts I through VII and as to all issues so triable.

Respectfully submitted on November 11,  2023.

DONALD R. McCOY, P. A.
111 S.E. 12th Street
Fort Lauderdale, Florida 33316
Telephone: (954) 618-6575
Facsimile: (954) 618-6577
mccoyesquire@me.com

By_____/s/_____
　　　Donald R. McCoy
　　　Florida Bar No. 887862

　　　Attorney for Plaintiff

21